**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| **v.** ) | **Criminal Action No.** |
| ) | **21-10248-NMG** |
| **Ali Jaafar, Mohamed Jaafar, and** ) | |
| **Yousef Jaafar,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves tax fraud and money laundering charges arising from an investigation into a scheme to purchase winning lottery tickets among Ali Jaafar ("Ali"), Mohamed Jaafar ("Mohamed") and Yousef Jaafar ("Yousef") (collectively, "the Jaafars" or "defendants"). Pending before the Court is defendants' motion to dismiss the indictment. For the following reasons that motion will be denied.

I.  **Background**

Between 2011 and 2019, defendants cashed more than 13,000 lottery tickets and claimed more than $20 million in Massachusetts lottery winnings. Defendants allegedly had lottery agents and convenience store staff purchase lottery

-1-

tickets from winning ticket holders for cash at discounted prices.  Defendants then presented the Lottery Commission with false claim forms that declared the winnings as their own. Defendants also allegedly reported as gambling winnings money received by cashing lottery tickets of other individuals, while offsetting that income by reporting purported gambling losses. Defendant Ali Jaafar is the father of defendants Mohamed and Yousef Jaafar.

In August, 2021, a grand jury returned a 15-count indictment.  Defendants were each charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h).  Defendants Ali and Mohamed were each charged with five counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), while defendant Yousef was charged with three counts of filing false tax returns.  The indictment also contains a forfeiture allegation pursuant to 18 U.S.C. § 982(a)(1).  At defendants' respective arraignments held before Magistrate Judge Jennifer C. Boal, each defendant pled not guilty to all counts of the indictment.

On August 9, 2022, defendants filed the pending motion to dismiss their indictment.

II.  **Motion to Dismiss the Indictment**

    A.   **Timeliness Grounds**

As an initial matter, defendants' motion to dismiss is untimely because it was filed after the extended deadline for filing any such motion to dismiss had expired.  Accordingly, the motion will be denied for that reason, among others.

    B.   **Substantive Grounds**

        1.   **Legal Standard**

A federal court's power to dismiss an indictment is reserved for "extremely limited circumstances." Whitehouse v. U.S. Dist. Court for Dist. of Rhode Island, 53 F.3d 1349, 1360 (1st Cir. 1995).  Indeed, "[i]n the normal course of events, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits." United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997).

In contrast to a complaint in a civil action, an indictment in a criminal case generally is not subject to dispositive motion practice. See id. ("[D]ismissing an indictment is an extraordinary step.").  A federal court that uses its supervisory power to dismiss an indictment runs the risk of "directly encroach[ing] upon the fundamental role of the grand jury." Whitehouse, 53 F.3d at 1360.

-3-

### 2.   Application

Defendants move to dismiss the indictment because they claim that it fails to state an offense due to the uncertain legal meaning of state law governing the redemption of winning lottery tickets.   The First Circuit Court of Appeals instructs us that:

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (quoting Hamling v. United States, 418 U.S 87, 117 (1974)).

Defendants provide a thorough history of state lottery statutes and regulations, contending that those materials fail to provide a basis for the pending charges.   The government responds, and the Court agrees, that defendants' arguments concerning the interpretation and application of the Massachusetts state lottery statutes and regulations are wholly irrelevant to the federal crimes that form the basis for the pending indictment.   The indictment is sufficient because it states the elements of the three offenses charged: conspiracy to defraud the United States, money laundering and filing false tax returns.

-4-

Defendants also imply that prosecutors erroneously presented the law in their grand jury presentation and failed to present witness testimony to show that the Jaafars' willfully and knowingly engaged in the alleged wrongdoing.  A court may dismiss an indictment if there has been prosecutorial misconduct which actually biases a jury in performing its fact-finding function. <u>United States</u> v. <u>Maceo</u>, 873 F.2d 1, 3 (1st Cir. 1989). The government argues, and the Court agrees, that defendants have failed to identify any prosecutorial impropriety related to the grand jury proceedings. <u>United States</u> v. <u>Rodriguez-Torres</u>, 570 F. Supp. 2d 237, 242 (D.P.R. 2008) ("[A] defendant . . . bears a heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for the dismissal of an indictment.  This burden cannot be satisfied with conclusory or speculative allegations of misconduct.").

## ORDER

For the foregoing reasons, defendants' motion to dismiss the indictment (Docket No. 90) is **DENIED.**


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated October 24, 2022